902 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Scott DEAN, Defendant-Appellant.
 No. 89-5418.
 United States Court of Appeals, Fourth Circuit.
 Argued March 9, 1990.
Decided April 27, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CR-88-153-C)
 George Vernon Laughrun, II, Goodman, Carr, Nixon & Laughrun, Charlotte, N.C., for appellant.
 Harry Thomas Church, Assistant United States Attorney, Charlotte, North Carolina, (argued), for Appellee; Thomas J. Ashcraft, United States Attorney, Charlotte, N.C., on brief.
 W.D.N.C.
 AFFIRMED.
 Before SPROUSE, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Daniel Scott Dean appeals his conviction and sentence[1] for conspiracy to possess and distribute in excess of five kilograms of cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1990). We affirm.
 
 
 2
 Dean and 14 other individuals were indicted for conspiracy to possess and distribute cocaine. Dean along with Stafford Adams and Douglas Randall Burton pled not guilty and were convicted by a jury. The remaining individuals pled guilty.
 
 
 3
 Following his conviction, the district court sentenced Dean to 12 years imprisonment. Adams and Burton received sentences of 6 and 12 years imprisonment respectively. The conspirators who pled guilty received the following sentences:
 
 
 4
 Hurdle H. Lea, III 8 years suspended (probation);
Roy Redd, III 8 years suspended (probation);
William Wells 14 months imprisonment;
Lawrence O. Kerr 18 months imprisonment;
Thomas G. Garrison 28 months imprisonment;
James J. Traina 4 years imprisonment;
Francis S. Willis 4 years imprisonment;
Robert Davidson 5 years imprisonment;
Charles O. Owens 5 years imprisonment;
Barbara K. Davidson 6 years imprisonment;
Shannon W. Davidson 8 years imprisonment;
Julio A. MongeDuran 10 years imprisonment.
 
 
 5
 Because two of the three conspirators who pled not guilty received the longest sentences, Dean argues that the district court enhanced their sentences because they exercised their constitutional right to a jury trial. To the contrary, the transcript of the sentencing hearing demonstrates that the district judge did not base his sentencing decisions on this factor. Discussing the sentences he imposed, the district court stated:
 
 
 6
 The thing that saved them from many, many more years is the fact that they did come in and cooperate with the Government....
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 Cooperation in getting rid of the drugs by getting other people involved or bringing them to justice is, to me, one of the most important things that a defendant in a drug case can do for himself, that is, as far as I'm concerned.... I have to keep in mind that they did agree to cooperate and have testified not only in this trial but other trials. They've received the benefit from it or will receive the benefit from it to some extent....
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 I think that Mr. Burton and Mr. Dean were heavily involved in this thing.... Because when they sell this stuff, they don't know who they're poisoning and care less. They get the money, that's all they're interested in.... Mr. Dean, you were in it also and you took the stand which is your privilege to do. I'm not sure that I believe what you said. There has to be some consideration for that also.
 
 
 13
 To determine a defendant's sentence, " 'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.' " United States v. Foutz, 865 F.2d 617, 620 (4th Cir.1989) (quoting United States v. Tucker, 404 U.S. 443, 446 (1972)). Here, the reasons articulated by the district court for imposing lesser or harsher sentences--cooperating with the government or testifying untruthfully--were constitutionally permissible.[2]
 
 
 14
 Dean also contends that based upon his less than significant part in the conspiracy his sentence is disproportionate to the sentences given the other conspirators, that the district court committed plain error when it permitted the government to introduce exhibits after resting its case in chief, and that the evidence was insufficient to convict him. These contentions are without merit. Accordingly, the conviction and sentence are affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Because the offense was committed before November 1, 1987, the sentence was not governed by the Sentencing Reform Act of 1984, 18 U.S.C.A. Secs. 3551, et seq. (West 1985 & Supp.1990), and the sentencing guidelines promulgated by the United States Sentencing Commission
 
 
 [2]
 In making its sentencing decision, a district court may consider "[a] defendant's truthfulness or mendacity while testifying on his own behalf." See United States v. Grayson, 438 U.S. 41, 50 (1978)